■ LOIS SHUGAR v GERALD SHUGAR.—Motion for a stay of the order of the Supreme Court, New York County (Carmen B. Ciparick, J.), entered on May 5, 1988, is granted as follows:

Since plaintiff purchased the subject apartment in her own name, the portion of the order directing defendant to pay the mortgage charges is vacated in full. Defendant is hereby directed to pay one half the cost of the maintenance charges on the premises, as well as one half of the cost of all utilities and one half the existing cost of the insurance on plaintiff's residence. In addition, defendant is relieved of the responsibility for paying any of the cost of plaintiff's medical insurance and plaintiff's unreimbursed medical charges. The motion for a stay is otherwise denied. Concur—Ross, J. P., Milonas and Wallach, JJ.

Ellerin, J., dissents in a memorandum as follows: I dissent and would deny the motion to stay or modify the IAS Judge's award of temporary maintenance. The sharply conflicting

motion papers before us afford little basis for modifying the award. As we have often stated, the appropriate remedy for a dispute over a temporary award of maintenance is not appellate modification on unenlightening submitted papers but a prompt trial where the facts may be examined in detail to provide a more accurate appraisal of the real economic situation of the parties. *(See, e.g., Sayer v Sayer,* 130 AD2d 407, 409; *Lehman v Lehman,* 104 AD2d 546, and cases therein cited.) Even where a prompt trial has not been possible due to the need for further discovery, we have denied appellate modification of the temporary award without prejudice to renewal before the court in which the case is pending after a more accurate appraisal of the financial situation of the parties has been obtained. *(Besen v Besen,* 94 AD2d 637.) I see no reason to depart from these sound principles and to modify the award rendered by the Judge most familiar with the case at issue.